Alex G. Leone (Attorney ID 212572017)
Leone Law LLC
195 Maplewood Avenue
Suite 1, P.O. Box 1274
Maplewood, New Jersey 07040
(908) 787-5581

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

―――――――――――――――――――――x

| | | |
|---|---|---|
| **MICHELE A. CORNELIUS,** | : | **COMPLAINT AND** |
| Plaintiff, | : | **JURY TRIAL DEMAND** |
| v. | : | |
| **CVS PHARMACY, INC.,** | : | Civil Action No. 2:23-cv-1858 |
| **NEW JERSEY CVS PHARMACY, L.L.C., and** | : | Honorable |
| **SHARDUL PATEL,** | : | |
| Defendants. | : | |

―――――――――――――――――――――x

Michele A. Cornelius ("Plaintiff"), by way of this Complaint against CVS Pharmacy, Inc. and New Jersey CVS Pharmacy, L.L.C. (collectively, "CVS"), whose address is 1 CVS Drive in Woonsocket, Rhode Island, 02895, and Shardul Patel ("Mr. Patel"), whose address is 2440 Hamburg Turnpike in Wayne, New Jersey, 07470, says:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, *see* 42 U.S.C. § 2000e-5(f)(3), and over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the District.  *See* 42 U.S.C. § 2000e-5(f)(3).

1

**Exhaustion of Administrative Remedies**

2. All conditions precedent to filing this action are satisfied: Plaintiff filed a timely charge of the discrimination detailed in this Complaint with the Equal Opportunity Employment Commission ("EEOC") on August 22, 2022; and the EEOC issued Plaintiff a notice of her right to sue on February 15, 2023.

3. Plaintiff, therefore, timely brings this civil action within 90 days of receipt of that right-to-sue notice. *See* 42 U.S.C. § 2000e-5(f)(1).

**Parties**

4. CVS, either directly or through companies it controls, employs thousands of people across the country, and is an "employer" governed by both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (the "NJLAD"). *See* 42 U.S.C. § 2000e(b); N.J.S.A. 10:5-5e.

5. At the times pertinent to this Complaint, Plaintiff, a woman, was an employee of CVS under both Title VII and the NJLAD. *See* 42 U.S.C. § 2000e(f); N.J.S.A. 10:5-5f.

6. More specifically, beginning around June 2017, CVS employed Plaintiff as Store Manager at the CVS Pharmacy located at 394 Broadway, in Passaic, New Jersey 07055 (the "Store"). The Store is within "District 8" and is known by the number "2724."

7. CVS employed Mr. Patel as a "District Leader" of District 8, and Mr. Patel supervised Plaintiff and the Store beginning in 2018 and at the times pertinent to this Complaint.

8. For the reasons provided, Mr. Patel is individually liable for aiding and abetting CVS in its violation of the NJLAD. *See* N.J.S.A. § 10:5-12e.

## Background

9. Prior to the hostile work environment detailed in this Complaint, CVS had employed Plaintiff continually for nearly 40 years after she began as a cashier in 1982.

10. In 1994, Plaintiff was promoted to Store Manager. Over her decades of service to CVS, Plaintiff built an excellent reputation for operational discipline, work ethic, and service culture, and had no notable criticism of her job performance in her record.

11. As a result, in 2017, CVS selected Plaintiff to be Store Manager of the Store with the hope to "transform 2724 from a consistently challenged location to one where we are proud to invite customers to shop."

12. After Plaintiff began as Store Manager around June 2017, the Store in fact accomplished the highest percentage above budget and for profit for the year of 2018.

13. CVS commended Plaintiff with award certificates for these accomplishments and her leadership as Store Manager of such a "consistently challenged location."

14. Plaintiff's decades of success at CVS would take an unfortunate turn in 2018, however, when CVS, including by and through Mr. Patel, began to discriminate against Plaintiff "because of . . . sex." *See* 42 U.S.C. § 2000e-2(a)(1); N.J.S.A. 10:5-12(a).

## CVS's Hostile Work Environment

15. In 2018, after Mr. Patel became Plaintiff's supervisor, he began to target Plaintiff with severe and pervasive negative treatment, intentionally because she is a woman, including by:

   a. treating women differently than men, such as by denying Plaintiff promotion and increased compensation based on an alleged "performance deficiency," while promoting a male employee who exhibited the same "performance deficiency;"

b. permitting a male employee to engage in conduct and receive benefits Mr. Patel repeatedly denied Plaintiff;

c. replacing Plaintiff with a man while she was still on the job;

d. dismissing Plaintiff's questions or concerns with disrespectful responses;

e. abusing Plaintiff with rude and unnecessary text messages outside of working hours and expecting immediate responses;

f. sending employees of the Store to other CVS locations when Mr. Patel knew that Plaintiff needed those employees, resulting in intentionally overworking Plaintiff, sometimes over 80 hours a week;

g. destroying morale and undermining Plaintiff with employees she managed by refusing to grant reasonable raises she approved for those employees;

h. minimizing Plaintiff's needs as an adult outside of work, such as by saying, "I don't need excuses" when Plaintiff informed Mr. Patel that "after 10 hours of work, [Plaintiff] went home to take care of [her] husband," who CVS knew has cancer;

i. pressuring Plaintiff to shovel snow during a blizzard; and

j. in these and other ways detailed within and without this Complaint, demeaning Plaintiff and treating her like a child, as less than an adult worthy of respect.

16. Mr. Patel's unlawful discriminatory intent against women—and Plaintiff as a woman—was "the motive behind" the hostile treatment described above and herein. *See, e.g.*, *Hurley v. Atlantic City Police Department,* 174 F.3d 95, 111 (3d Cir. 1999).

17. Mr. Patel's unlawful discrimination against Plaintiff occurred within the scope of his employment by CVS, adversely affected Plaintiff and her work performance—as it would have affected any woman—and altered the conditions of her employment.

18. As noted above, Mr. Patel's discriminatory targeting of Plaintiff often took the form of documenting alleged "performance deficiencies" on the part of Plaintiff, which prevented Plaintiff from being promoted and receiving higher pay.

19. Yet over her nearly 40 years at CVS, Plaintiff had no notable criticism of her work performance in her record prior to these illogical and unfounded criticisms by Mr. Patel.

20. These illogical and unfounded criticisms were motivated by Mr. Patel's unlawful discriminatory intent against Plaintiff: For example, Mr. Patel repeatedly criticized Plaintiff on the basis that the Store was a "Challenge store for 26 months"—yet Plaintiff had been Store Manager there for only a fraction of the "26 months" Mr. Patel sought to use against her, and CVS transferred Plaintiff to the Store *because* it was a "consistently challenged location." (*See supra*, ¶ 11).

21. Also as noted above, Mr. Patel's treatment of women clearly contrasts with his treatment of men: For example, at multiple points during 2021, Mr. Patel permitted a male employee, M.P., to engage in conduct and receive benefits he denied Plaintiff, including ordering new shopping carts for the Store, purchasing and receiving reimbursement for a vacuum for the Store, and putting up a display at the Store.

22. In totality, Mr. Patel's discrimination against Plaintiff was psychologically unbearable and, as she repeatedly informed CVS, constituted a "hostile work environment that [she] was] dealing with every day." (*See, e.g.*, *infra* ¶ 40(c)).

23. Mr. Patel's discrimination left Plaintiff, on the verge of a nervous breakdown, with no choice but to resign from CVS and to take a lesser-paying job elsewhere.

24. After nearly 40 years at CVS, Plaintiff submitted her resignation notice to Mr. Patel on October 22, 2021.

25. After Mr. Patel ignored this notice for a week, Plaintiff submitted it again, copying another male CVS supervisor, who also ignored the notice.

26. Mr. Patel's ignoring Plaintiff's resignation notices was yet another discriminatory choice by Mr. Patel to treat Plaintiff with hostility because she is a woman.

27. This discriminatory act subjected Plaintiff to additional uncertainty and stress as she was tasked with an orderly transition of leadership of the Store within a limited time.

28. Furthermore, despite never responding to Plaintiff's resignation notices, Mr. Patel promptly chose to replace Plaintiff with a man while she was still on the job, further evidencing his hostility against women, which continued until Plaintiff's last day of employment on November 4, 2021.

29. **As detailed further below, during 2018 to 2021, Plaintiff submitted over a dozen complaints to CVS about Mr. Patel's discrimination against her as a woman.**

30. To put this in perspective, in Plaintiff's nearly 40 years at CVS, Plaintiff had never previously submitted any such complaint.

**CVS's Outrageous Mishandling of Plaintiff's Many Sex Discrimination Complaints**

31. In April 2019, during the earlier stages of CVS's and Mr. Patel's discrimination against her, Plaintiff requested a meeting with Robert Brauer ("Mr. Brauer"), the CVS Regional Manager who supervised Mr. Patel.

32. In attendance at that meeting were Mr. Brauer; Mr. Patel; N.A., the female Pharmacy Manager at the Store; and Plaintiff.

33. **At that meeting, both N.A. and Plaintiff explicitly informed Mr. Brauer that Mr. Patel was discriminating against them because they are women.**

34. Mr. Brauer then recognized that there were issues with Mr. Patel's "communication" toward N.A. and Plaintiff.

35. But to Plaintiff's knowledge, neither Mr. Brauer, nor anyone at CVS, took any action against Mr. Patel and simply dismissed Plaintiff's and N.A.'s complaints.

36. N.A. was terminated only months after complaining about Mr. Patel's sex discrimination, after almost twenty years of service to CVS.

37. **N.A. is only one of multiple additional female CVS employees who have also had experiences with Mr. Patel's discriminatory actions and attitudes toward women.**

38. On information and belief, Mr. Patel has even bragged about not facing consequences despite the number of complaints against him brought by women working for CVS.

39. The April 2019 meeting, moreover, was only one of Plaintiff's many complaints about sex discrimination by Mr. Patel at CVS.

40. For example, Plaintiff:

    a. On September 30, 2019, stated among other things in a written complaint to the CVS Ethics Line, a CVS email account dedicated to addressing work complaints related to ethics, "I feel like I am in a hostile work environment" and, "I told my district leader he was biased against women" including "myself and [the] pharmacy manager," N.A.;

    b. On October 8, 2019, provided via email multiple examples to a CVS "Senior Advisor, Advice and Counsel," of how Mr. Patel is "biased against women," including both the female "pharmacy manager and [Plaintiff];"

    c. On May 6, 2020, stated among other things in a letter to David Falkowski, Chief Compliance Officer for CVS, Plaintiff's "major concern of how [she is] being

    treated by [her] District Leader, Shardul Patel" who, Plaintiff informed Mr. Falkowski, "abuses [Plaintiff] on a continuing basis and treats [her] like a child," subjecting her to a "hostile work environment that [she is] dealing with every day;"

d. On May 11, 2020, stated among other things in a written complaint to the CVS Ethics Line that Plaintiff continued to suffer under Mr. Patel's "hostile work environment and abuse;"

e. On May 21, 2020, stated of Mr. Patel in a written complaint to the CVS Ethics Line, among other things: "I am working between 79.5 and 81.5 hours for the next 3 weeks with no days off" as a result of discriminatory decisions by Mr. Patel and, "I feel he is discriminating against me;" and

f. On June 2, 2020, stated of Mr. Patel in a written complaint to CVS's Advice and Counsel, among other things: "I feel hostile work environment and retaliation for something I said. I still see discrimination."

41. Suffice it to say that CVS knew and should have known of Mr. Patel's sex discrimination.

42. CVS, however, undertook no bona fide investigation of Plaintiff's complaints and engaged in no effort to address Plaintiff's serious and well documented concerns.

43. Instead, CVS always arbitrarily and sexistly sided with Mr. Patel, dismissing Plaintiff's complaints of discrimination, and utterly failing to remedy Mr. Patel's hostile work environment against women.

44. Additionally, the Chief Compliance Officer for CVS did not so much as respond to Plaintiff's detailed written complaint during May 2020.

45. CVS's utter mishandling of Plaintiff's multiple sex discrimination complaints is perhaps unsurprising, given CVS's strikingly similar failures to take sex discrimination complaints by other female employees in New Jersey seriously. *See, e.g.*, Ramishah Maruf, *CVS removes managers after harassment allegations*, CNN Business (March 12, 2022), https://www.cnn.com/2022/03/12/business/cvs-karen-lynch-sexual-harassment/index.html.

46. **In the wake of this widely-reported scandal, CVS had no choice but to admit that it needed to "improve its internal reporting and investigation processes" for sex discrimination complaints.** *See* Sharon Terlep & Suzanne Kapner, *CVS Ousts Executives After Internal Probe, Vows to Overhaul How It Handles Sexual-Harassment Complaints*, Wall Street Journal (March 11, 2022), https://www.wsj.com/articles/cvs-ousts-executives-after-internal-probe-vows-to-overhaul-how-it-handles-sexual-harassment-complaints-11647024845.

47. **These are the very same "internal reporting and investigation processes" that failed Ms. Cornelius and other women working under Mr. Patel.**

48. Furthermore, CVS also fired multiple executives, including the "executive who supervised" a New Jersey regional manager, for failures to remedy sex discrimination against women at CVS. *See id.*

49. CVS, in other words, has already fired at least some of the executives who failed to protect Plaintiff and other women working under sex discrimination in New Jersey.

50. Only following this scandal did CVS decide "to make sure" that female employees suffering under sex discrimination have "access to a trusted resource to report anything concerning." Melissa Repko, *CVS fires several employees and executives after internal*

*sexual harassment investigation*, CNBC (March 11, 2022), https://www.cnbc.com/2022/03/11/cvs-ceo-karen-lynch-fires-executives-after-internal-sexual-harassment-probe.html.

51. Ironically, and sadly, when Plaintiff attempted to report Mr. Patel's discriminatory treatment to this "trusted resource," she was informed on March 16, 2022, that the "trusted resource" was not willing to receive a report of discrimination from a former employee—even though Plaintiff was a former employee only because of CVS's and Mr. Patel's discrimination against women.

52. Plaintiff certainly would not have resigned from CVS—and would have concluded her nearly forty years of success there with dignity—had it not been for CVS's and Mr. Patel's severe and pervasive intentional sex discrimination.

## FIRST CLAIM:
## CVS'S HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

53. Plaintiff repeats and realleges each of the allegations of this Complaint.

54. CVS's subjection of Plaintiff to severe and pervasive intentional discrimination "because of . . . sex" is an "unlawful employment practice." *See* 42 U.S.C. § 2000e–2(a)(1).

55. As a direct and proximate result of CVS's unlawful employment practice, Plaintiff has suffered and continues to suffer various damages, including loss of back pay and front pay and benefits like 401k matching and vacation, and emotional pain and suffering.

56. CVS's, including its high-ranking managers', subjection of Plaintiff to a hostile work environment, and CVS's outrageous mishandling of Plaintiff's many sex discrimination complaints, were wanton, willful, and in reckless disregard of Plaintiff's civil rights—warranting an award of punitive damages.

## SECOND CLAIM:
## CVS'S HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE NJLAD

57. Plaintiff repeats and realleges each of the allegations of this Complaint.

58. CVS's subjection of Plaintiff to severe and pervasive intentional discrimination "because of . . . sex," which would have made any reasonable woman believe that the conditions of her employment had been altered and that her work environment was hostile, is an "unlawful employment practice." *See* N.J.S.A. 10:5-12a.

59. As a direct and proximate result of CVS's unlawful employment practice, Plaintiff has suffered and continues to suffer various damages including loss of back pay and front pay and benefits like 401k matching and vacation, and emotional pain and suffering.

60. CVS's, including its high-ranking managers', subjection of Plaintiff to a hostile work environment, and CVS's outrageous mishandling of Plaintiff's many sex discrimination complaints, were wanton, willful, and in reckless disregard of Plaintiff's civil rights—warranting an award of punitive damages.

## THIRD CLAIM:
## MR. PATEL'S AIDING AND ABETTING IN VIOLATION OF THE NJLAD

61. Plaintiff repeats and realleges each of the allegations of this Complaint.

62. Mr. Patel's subjection of Plaintiff to severe and pervasive intentional discrimination "because of . . . sex," which would have made any reasonable woman believe that the conditions of her employment had been altered and that her work environment was hostile, is an "unlawful employment practice," *see* N.J.S.A. 10:5-12a; and as a principal perpetrator of this discrimination Mr. Patel was an aider and abettor thereof, *see* N.J.S.A. 10:5-12e.

63. As a direct and proximate result of Mr. Patel's aiding and abetting unlawful discrimination, Plaintiff has suffered and continues to suffer various damages including loss of back pay and front pay and benefits like 401k matching and vacation, and emotional pain and suffering.

64. Mr. Patel's subjection of Plaintiff to this intentional, severe, and pervasive discrimination and hostile work environment was wanton, willful, and in reckless disregard of Plaintiff's civil rights—warranting an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a. Declaratory judgment that the acts and omissions of CVS and Mr. Patel violate the laws of the United States and of the State of New Jersey;

b. Reinstatement of employment with an injunction against CVS's unlawful discrimination;

c. Compensatory damages, including damages for back pay and front pay, with interest, and 401k matching and vacation; emotional pain and suffering; and consequential damages;

d. Punitive damages;

e. Nominal damages;

f. All fees, expenses, and costs, including, but not limited to, court costs, expert fees, and reasonable attorney's fees; and

g. Any other relief the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

\*     \*     \*

**Respectfully submitted:**                                     **Dated:** April 3, 2023

/s/ Alex G. Leone
**Alex G. Leone (Attorney ID 212572017)**
**Leone Law LLC**
**195 Maplewood Avenue**
**Suite 1, P.O. Box 1274**
**Maplewood, New Jersey 07040**
**alex@juvenilejusticeattorney.com**
**(908) 787-5581**

## INITIAL PLEADING CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

Pursuant to 28 U.S.C. § 1746, the undersigned declares under penalty of perjury, under the laws of the United States and the State of New Jersey, that the following is true and correct to the best of his knowledge:  The matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**Executed on:** April 3, 2023

**By:**

<u>/s/ Alex G. Leone</u>
**Alex G. Leone (Attorney ID 212572017)**
**Leone Law LLC**
**195 Maplewood Avenue**
**Suite 1, P.O. Box 1274**
**Maplewood, New Jersey 07040**
**alex@juvenilejusticeattorney.com**
**(908) 787-5581**

## CERTIFICATE OF SERVICE

Counsel for Plaintiff, Alex G. Leone, hereby certifies that this filing is served electronically on counsel for the defendants, Jaclyn L. Kawka, on April 3, 2023. *See* L. Civ. R. 5.2, Section 14(b)(1).

**Respectfully submitted:**                                       **Dated:**  April 3, 2023

/s/ Alex G. Leone
**Alex G. Leone (Attorney ID 212572017)**
**Leone Law LLC**
**195 Maplewood Avenue**
**Suite 1, P.O. Box 1274**
**Maplewood, New Jersey 07040**
**alex@juvenilejusticeattorney.com**
**(908) 787-5581**